**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ALAN ANTON, | No. 10-16618 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00412-OWW-WMW |
| v. | |
| MENDEZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted September 27, 2011[**]

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Robert Alan Anton, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

of his constitutional rights in connection with the use of force during an inmate

fight. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to exhaust, and for clear error its factual determinations. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). We affirm.

The district court properly dismissed Anton's excessive force claim for failure to exhaust administrative remedies because Mendez offered evidence showing that Anton did not properly file any grievances alleging excessive force before initiating this action, and Anton did not effectively rebut this evidence. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) ("[D]efendants have the burden of . . . proving the absence of exhaustion[,]" and "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed facts."); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion prior to filing suit).

The district court did not abuse its discretion in denying Anton's motions for reconsideration because Anton set forth no basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Anton's remaining contentions are unpersuasive.

Anton's request for discovery or, in the alternative, to supplement the record is denied. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir.

10-16618

1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**